IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY<br><br>Plaintiff,<br><br>v.<br><br>OLGA DÍAZ MONTAÑEZ, ET AL.<br><br>Defendants. | CIV. NO.: 15-1949 (SCC) |

**OPINION AND ORDER**

This is an action for collection of monies and foreclosure of mortgage. Plaintiff Roosevelt Cayman Asset Company ("RCAC") moved for summary judgment alleging that there are no controversies of material fact regarding the loan documents signed by Defendants and the amounts owed to RCAC. *See* Docket No. 82. The motion stands unopposed.

Having reviewed Plaintiff's pleadings and supporting documentation, we find that summary judgment against

Defendants is proper.

## I. Background

RCAC sued Defendants to collect certain amounts owed pursuant to a Mortgage Note (the "Note") payable to Doral Bank, or to its order, for the principal amount of $240,000 *See* Docket No. 83-1. The Note encumbers a property located in San Juan, Puerto Rico.

## II. Standard

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (explaining that if a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial," summary judgment is proper). The court

must examine the record in the light most favorable to the nonmovant and indulging all reasonable inferences in the nonmovant's favor. *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994).

In its review of the record, the court must refrain from engaging in an assessment of credibility or weigh the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.,* at 150 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986)).

Finally, as this is a diversity case, the court is bound to apply Puerto Rico law to all substantive matters. *Vázquez-Filipetti v. Banco Popular*, 504 F.3d 43, 48 (1st Cir. 2007).

**III. Factual Findings**

In accordance with Local Rule 56, the court credits only facts properly supported by accurate record citations. *See*

Local Rule 56(e). The court has disregarded all conclusory allegations, speculation, and improbable inferences disguised as facts. *See Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir. 2006); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). The following factual findings are taken from RCAC's Statement of Uncontested Material Facts ("SUMF") and supporting documentation.

1. RCAC is a Cayman Islands corporation, with address of: c/o Rushmore Loan Management Services, LLC, 221 Ponce De León Avenue, Suite 1600, San Juan, Puerto Rico 00917-1802. RCAC is in good standing under the laws of Cayman Islands. RCAC's principal place of business in New York.

2. Defendants are domiciled in Puerto Rico with the following residential and mailing address: Urb. La Vista B-2 Vía Panorámica, San Juan, Puerto Rico 00924-4462.

3. On March 1, 2006, for value received, Defendants subscribed, signed and delivered the Note payable to Doral Bank, for the principal amount of $240,000 with interest at the

rate of 6.5/8 % per annum. *See* Note at Docket No. 83-1.

4. As guarantee of the Note, Defendants executed and delivered a Mortgage constituted by deed number 246, executed in San Juan, Puerto Rico on the same date, before Notary Public Luis A. Archilla Díaz. *See* Mortgage at Docket No. 83-2. On October 22, 2012, the mortgage deed was modified, pursuant to deed number 258 executed in San Juan, Puerto Rico, before Notary Public Magda V. Alsina Figueroa, increasing balance to $241,948.62. *See* Mortgage at Docket No. 83-3.

5. The Mortgage was executed upon the following property, which is described in Spanish as follows:

URBANA: Parcela de terreno identificada como el Solar número dos (2) del Bloque "B" de la Urbanización La Vista, radicada en el Barrio Sabana Llana del término municipal de San Juan, Puerto Rico, con una cabida de Trescientos Setenta Punto Veitnisiete (370.27) metros cuadrados. En lindes por el Norte, en veinticinco punto cero cero (25.00) metros, con el Solar número uno (1); por el Sur, en veinticuatro punto veintisiete (24.27) metros, con el Solar número tres (3); por el Este, en una distancia en

arco de diecisés punto cero cero (16.00) metros, con la Calle númer uno (1); y por el Oeste, en doce punto setenta y cinco (12.75) metros yen uno punto sesenta y cuatro (1.64) metros, con los Solares número veinte (20) y número veintiuno (21). Encalva una casa.

Inscrita al folio cincuenta y siete (57) del tomo mil tres (1,003) de3 Sabana Llana, Registro de la Propiedad de Puerto Rico, Sección V de San Juan, finca número veintinueve mil cuatrocientos setenta y uno (29,471).

7. The Mortgage that secures the Note is duly recorded in the Registry of Property Fifth Section of San Juan, at page 57 of volume 1,003 of Sabana LLana. The modification deed is presented at entry 1363 of daily book 903.

8. The Defendants are the owners of the mortgaged property according to the Registry of Property. *Id.*

9. RCAC is the party entitled to enforce the Note. *See* Docket No. 83-4.

10. On September 10, 2018, Defendants filed an answer to the complaint. Defendants failed to raise controversies as to the existence of the loan documents or the debt. *See* Docket

No. 60.

### IV. Analysis

Given the uncontested facts listed above, it is evident that no dispute of material fact exists as to Defendants indebtedness. The parties entered into a binding loan contract, pursuant to Article 1631 of the Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 4511. Plaintiff has attached all the necessary documentation to establish that it is the secured party of record for the Note guaranteeing the Mortgage. Plaintiff has also established that Defendants failed to make payment as agreed upon in the loan documents. Plaintiff also duly notified Defendants of their indebtedness.

As of February 1, 2014, Defendants owe RCAC a total of $416,753.85 in principal, plus accrued interest payments in the amount of $69,316.85, which continues to accrue until full payment of the debt at the rate of 6.625% per annum; accrued late charges of $4,289.22; escrow advances of $5,573.22; and any other advance, charge, fee or disbursement made by

Plaintiff on behalf of Defendants, in accordance with the mortgage deed in the amount of $3,903.69, plus costs, and ten (10) percent attorney' fees.

In view of the record before us, Plaintiff is entitled to receive from Defendants the payment of the amounts owed and is entitled to foreclose on the property encumbered by the Mortgage Deed constituted through Deed Number 246 of September 15, 2010. In the absence of full payment, Plaintiff has the right to execute all the collateral that secures Defendants outstanding debt.

**V. Conclusion**

Because I find that Plaintiff has successfully established that Defendants are in default of their loan obligations, I grant summary judgment in favor of Plaintiff and order as follows:

1. Defendants must pay Plaintiff the sum of $ 416,753.85 in principal, plus accrued interest payments in the amount of $69,316.85, which continues to accrue until full payment of the debt at the rate of 6.625% per annum; accrued late charges of $4,289.22; escrow

advances of $5,573.22; and any other advance, charge, fee or disbursement made by Plaintiff on behalf of Defendants, in accordance with the mortgage deed in the amount of $3,903.69, plus costs, and ten (10) percent attorney' fees.

2. In default of the payment of the sums hereinbefore specified or of any part thereof, within thirty (30) days from the date of entry of this judgment, the mortgaged property described above shall be sold at public auction to the highest bidder therefor.

3. Upon Plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out said sale, or do anything in connection with it, until further order by this Court and under the form and conditions to be directed by the Court.

4. The sale to be conducted by the appointed Special Master shall be subject to the confirmation of the Court, and the purchaser of the property shall be entitled to receive its possession. The minimum bid to be accepted at the first public sale will be in accordance

with the mortgage deed.

5. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

b) To the payment of all expenses or advances made by Plaintiff. 416,753.85 in principal, plus accrued interest payments in the amount of $69,316.85, which continues to accrue until full payment of the debt at the rate of 6.625% per annum; accrued late charges of $4,289.22; escrow advances of $5,573.22, and any other advance, charge, fee or disbursement made by Plaintiff on behalf of Defendants, in accordance with the mortgage deed in the amount of $3,903.69; plus costs,

and ten percent attorney' fees.

6. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7. If after making all those payments there is a deficiency, Plaintiff may seek further orders by the Court to collect the deficiency from Defendants.

IT IS SO ORDERED AND ADJUDGED.

In San Juan, Puerto Rico, this 11th day of February, 2020.

    S/ SILVIA CARREÑO-COLL

    UNITED STATES MAGISTRATE JUDGE